IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PITTSBURGH LOGISTICS SYSTEMS, INC.,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:21-CV-547-L** |
| **JOHNATHAN BERBERICK,** | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") (Doc. 32), filed May 14, 2021. For the reasons herein explained, the court **denies without prejudice** the Motion (Doc. 32) and will allow Plaintiff to amend its pleadings.

**I.     Factual and Procedural Background**

Pittsburgh Logistics Systems, Inc. ("Plaintiff" or "PLS") originally brought this action against former PLS employee Johnathan Berberick ("Defendant" or "Mr. Berberick") in the Western District of Pennsylvania on November 25, 2020. PLS alleges claims for: (1) breach of fiduciary duty; (2) breach of fiduciary duty of loyalty; (3) conspiracy to breach fiduciary duty; (4) tortious interference with prospective business; (5) conspiracy to commit tortious interference with prospective business; (6) aiding and abetting tortious interference with prospective business; (7) tortious interference with existing contract; (8) conspiracy to commit tortious interference with existing contract; (9) breach of contract; and (10) unfair competition. All of the foregoing claims by Plaintiff stem from the allegation that Mr. Berberick failed to notify PLS that another former PLS employee, Andrew Barricks, was violating his non-compete contractual obligations by working for a competitor. After the case was transferred to this district in March 2021, Plaintiff

Memorandum Opinion and Order – Page 1

amended its pleadings, and Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims asserted by Plaintiff. Plaintiff responded, contending that it has alleged valid claims under Texas law, and those claims are sufficiently pleaded. For many of the reasons set forth in Defendant's Motion, the court agrees that Plaintiff's claims as currently pleaded fail to state valid claims under Texas law upon which relief can be granted.

## II.     Rule 12(b)(6) Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or

legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Discussion**

Plaintiff's claims as currently pleaded fail to state valid claims under Texas law upon which relief can be granted because all of its claims are premised in some respect on its contention that Mr. Berberick breached his employment contract or fiduciary duty to Plaintiff by not notifying PLS that another former PLS employee, Andrew Barricks, was violating his non-compete contractual obligations by working for a competitor. This alleged conduct is insufficient to support a breach of fiduciary duty claim, a contract claim, or the other claims asserted by Plaintiff.

In the context of an at-will employee, Texas courts have held that, generally, "an at-will employee—even a fiduciary one—may plan to compete with his employer and take certain steps toward that goal without disclosing his plans to the employer," as long as he does not:

> "appropriate his employer's trade secrets," "solicit his employer's customers while still working for his employer," "carry away certain information, such as lists of customers," or "act for his future interests at the expense of his employer by using

>   the employer's funds or employees for personal gain or by a course of conduct designed to hurt the employer."

*PAS, Inc. v. Engel*, 350 S.W.3d 602, 614 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (quoting *Johnson v. Brewer & Pritchard*, 73 S.W.3d 193, 201 (Tex. 2002)).  If it is not a breach of fiduciary duty under Texas law for Mr. Berberick himself to plan to compete with PLS and take steps toward that goal without disclosing his plans with PLS, then it cannot be a breach of fiduciary duty under Texas law for him to not disclose to PLS that another PLS employee had plans to compete with it or was competing with it after resigning from PLS.  Additionally, Plaintiff relies on and cites the Texas Supreme Court's opinion in *Johnson* for the proposition that employees owe certain fiduciary duties to their employers, but it has not alleged that Mr. Berberick engaged in any conduct identified by *Johnson* as constituting a breach of fiduciary duty.

Further, Plaintiff has not alleged that Mr. Berberick personally engaged in any conduct that violated the terms and conditions of his own employment contract with PSL, as it pertains, for example, to confidentiality, non-solicitation, or non-competition.  Contrary to Plaintiff's assertion, the lack of such allegations is not "irrelevant at this juncture" (Pl.'s Resp. 4) to whether it has stated a claim against Mr. Berberick for breach of contract because without a breach by Defendant of his contract with PLS, Plaintiff has no contract claim against him.[1]

Plaintiff's allegations regarding Mr. Berberick's failure to notify PLS that Andrew Barricks was working for a competitor are also insufficient to support Plaintiff's remaining tort claims because Plaintiff fails to allege that Mr. Berberick, as opposed to Andrew Barricks, engaged in any conduct for the purpose of intentionally interfering with any prospective business relationship

---

[1] In Texas, the elements for breach of contract are: (1) a valid contract; (2) the plaintiff's performance of his or her contractual obligations; (3) breach by the defendant; and (4) damages caused by the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

**Memorandum Opinion and Order – Page 5**

or existing contract of PLS.² As Defendant correctly notes, Plaintiff's Amended Complaint does not reference any contract or customer with whom or with which Mr. Berberick allegedly interfered. Plaintiff alleges that Mr. Berberick "knowingly, intentionally, willfully, maliciously, and with the intent to harm PLS, interfered with PLS's current and prospective business relations with its customers and deliberately usurped them from doing business with PLS." Pl.'s Am. Compl. ¶ 70. This allegation, however, is conclusory, and, without more, Mr. Berberick's alleged conduct in not alerting PLS about Andrew Barricks' work for a competitor is *far too attenuated* from any alleged injury to PLS to be a substantial factor in bringing about such harm.³

---

² Texas law recognizes "two types of tortious-interference claims: one based on interference with an existing contract and one based on interference with a prospective business relationship." *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017). Both claims consist of the following elements: (1) a willful and intentional act of interference with the contract or prospective business relationship, (2) that proximately caused the plaintiff's injury, and (3) caused actual damages or loss. *See Prudential Ins. Co. of Am. v. Financial Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000) (tortious interference with an existing contract); *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 356 (5th Cir. 2021) (interference with prospective business relationship). In addition, for tortious interference with an existing business relationship claim, the defendant's conduct must have resulted in "some obligatory provision of a contract having been breached." *Wickfire*, 989 F.3d at 354 (citations omitted). To plausibly allege a tortious interference with prospective business relationship claim, there must be "a reasonable probability that the plaintiff would have entered into a business relationship with a third party" and "the defendant's conduct was independently tortious or unlawful." *Id.* at 356 (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)).

³ As explained by the case cited by Plaintiff, causes of action for tortious interference, conspiracy, and aiding and abetting all have elements of causation. *Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The elements for an aiding and abetting claim under Texas law are: "(1) the primary actor committed a tort; (2) the defendant had knowledge that the primary actor's conduct constituted a tort; (3) defendant had intent to assist the primary actor; (4) defendant gave the primary actor assistance or encouragement; and (5) defendant's conduct was a substantial factor in causing the tort." *Id.* (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)). In this context, causation comes into play twice: "once as an element of proof required for the underlying tort and once in establishing that the defendant's conduct have been a substantial factor in causing the underlying tort. Tortious interference and civil conspiracy also require that the defendant's conduct or the conspiracy involving the defendant proximately cause the actual damages alleged. *ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 881 (Tex. 2010). Proximate cause has two components: cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). For cause-in-fact, the tortious conduct must have been a "substantial factor" in bringing about the alleged injury such that, "without it, the harm would not have occurred." *See id*. When a defendant's conduct merely furnishes a condition that made the plaintiff's injury possible without actively contributing to the injuries, it may be deemed "too attenuated" from the plaintiff's injury to be a substantial factor. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016); *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799-800 (Tex. 2004).

**Memorandum Opinion and Order – Page 6**

Although the court has determined that Plaintiff's claims as currently pleaded fail to allege any claims upon which relief can be granted under Texas law, it is unclear whether the deficiencies herein noted and in Defendant's Motion are incurable. Thus, it is unclear whether amendment by Plaintiff would be futile. Moreover, this case has only been pending a little more than one year, and Plaintiff has only previously amended its pleadings once without the benefit of the court's guidance. Accordingly, although Plaintiff has not requested to amend its pleadings again in the event the court determined that its claims were not adequately pleaded, the court will deny without prejudice Defendant's Motion and allow Plaintiff to file an amended complaint.

## IV.  Conclusion

For the reasons explained, the court **denies without prejudice** Defendant's Motion (Doc. 32) and **directs** Plaintiff to file an amended complaint by **March 23, 2022**. *Failure to do so will result in dismissal of this action with prejudice under Rule 12(b)(6) or without prejudice under Rule 41(b).*

**It is so ordered** this 2nd day of March, 2022.

Sam A. Lindsay
United States District Judge